IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In Re:

**GIAN PIERO MAZZI**                             Case No. 14-14592-RGM

    **Debtor**                                              (Chapter 7)


### RESPONSE TO OBJECTION TO CONFIRMATION

COMES NOW the debtor and responds to the Chapter 13 Trustee and the creditor Main 9959, LLC who have both objected to the debtor's Chapter 13 Plan on the ground that he exceeds the unsecured debt limits for a Chapter 13 debtor as set forth in 11 U.S.C. 109(e). The other unsecured claims against the debtor are such that the claim of Main 9959, LLC puts the debtor over the 109(e) limit.

The unsecured debt limits for a chapter 13 case apply only to debts that were non-contingent and liquidated on the date the petition is filed. The debtor argues that a significant portion of 9959, LLC's debt was both contingent and unliquidated at the time his petition was filed.

The debtor once held a ½ interest in two Italian restaurants, one in Fairfax and the other in Reston, Virginia. Each restaurant was held by a separate LLC, and the LLCs were the named tenants on the leases for both locations. The debtor and his partner were guarantors on the leases for both establishments. The claim of 9959, LLC relates only to the Fairfax location. Almost two years prior to the petition, the debtor and his partner decided to

separate their interests: the debtor took over sole ownership and management of the restaurant in Reston, while his partner took over sole ownership and management of the one in Fairfax.  At some point, the restaurant in Fairfax fell behind on its rent to 9959, LLC.  Within the few months prior to the filing, 9959 terminated the lease and obtained a writ of possession and a judgement against the debtor, his former partner, and the LLC for the unpaid rent.  The claim of 9959 arising out this judgment does not put the debtor beyond the 109(e) limit.

Upon information and belief, 9959 has released the Fairfax space, but the debtor does not know the terms of the new lease. The proof of claim filed by 9959 invokes the rejection analysis allowed a landlord under 11 U.S.C. 502(b)(6).

The debtor submits that the rejection damages provided for in that section are not applicable to a guarantor of a lease. In addition, with the exception of the amount awarded 9959 in the pre-petition judgement, the debtor submits that the claim of 9959 was contingent and unliquidated at the time his petition was filed, especially since a new tenant has taken possession of the property and the amount the debtor might actually be liable for on his guarantee cannot be determined at this point.

                                        Gian Piero Mazzi
                                        by counsel


/s/ Richard G. Hall
Richard G. Hall, Esquire
7369 Mcwhorter Place, Suite 412
Annandale, Virginia  22003
(703)256-7159
VAB No. 18076

<u>Certificate of Service</u>

    I hereby certify that on April 1, 2015, a copy of this response was served on the Chapter 13 trustee and 9959 Main, LLC, c/o of it counsel, Leon Koutsouftikis, via ECF

<u>/s/ Richard G. Hall</u>